Garsh, J.
INTRODUCTION
This suit arises from an automobile accident that occurred on December 5, 1988 in North Andover. In that accident, defendant, Everett Murray (“Murray”), an employee of the defendant, Transportation Services, Inc. (“TSI”), hit the plaintiff, Roland Guiffre (“Guiffre”), with his vehicle. Guiffre brought an action against TSI claiming that, under the doctrine of respondeat superior, TSI is liable for Murray’s negligence. In moving for summary judgment, TSI claims that the doctrine of respondeat superior is inapplicable because Murray was acting beyond the scope of his employment at the time of the accident. For the reasons discussed below, TSI’s motion for summary judgment is ALLOWED.
BACKGROUND
For the purposes of this motion, the following facts are undisputed. On the day of the accident, Murray was working as a driver for TSI. His duties included transporting clients of the Department of Mental Retardation between their homes and their places of employment. TSI provided him with a vehicle to use in fulfilling his duties.
The assigned car became inoperable. Concerned that he might lose his job, Murray stole a vehicle. TSI, believing that the vehicle was borrowed, allowed Murray to use the stolen vehicle to complete his scheduled rounds.
On the day of the accident, Murray, accompanied by his girlfriend, used the stolen vehicle to pick up TSI passengers and to drive them to work. After dropping off the passengers, Murray and his girlfriend bought and consumed alcohol. Later that afternoon, they *230 picked up a TSI client, Helen Whitson (“Whitson”), for the purpose of driving her home.
While en route, Murray was stopped for speeding by a police officer. As the officer stepped out of the patrol car, Murray sped away. The officer pursued Murray for approximately a quarter of a mile before Murray pulled his vehicle over to the side of the road. As the officer approached a second time, Murray put his vehicle in reverse and hit the patrol car. Because he did not want to go back to jail, Murray made a U-turn and sped away from the officer. Once again, the officer pursued Murray.
During the ensuing high speed chase, Murray was traveling between 60 and 110 miles an hour, swerving in and out of traffic lanes. At one point during the attempted escape, Murray’s vehicle went onto the sidewalk at approximately 80 miles an hour. While on the sidewalk, Murray hit Guiffre, a pedestrian. Murray intended to take Whitson to her home after he had escaped from the police.[3]
The escape attempt ended after Murray crashed into a tree. Murray fled from the vehicle and was apprehended.
DISCUSSION
Summary judgment is granted where there are no genuine issues of material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating both the absence of a triable issue and its entitlement to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). “A complete failure of proof concerning an essential element of the non-moving parly’s case renders all other facts immaterial.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 710 (1991).
The issue here is whether Murray, while attempting to evade the police with Whitson in the vehicle, was acting within the scope of his employment. A three-part test is applied to determine whether the conduct of an employee is within the scope of employment. First, was the conduct engaged in of the kind the employee was'hired to perform? Second, did the conduct occur substantially within the authorized time and place? Third, was the conduct motivated, at least in part, by a desire to serve the employer’s interests? Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass. 854, 859 (1986).
For the purposes of this motion, TSI has conceded that Murray was doing the kind of work he was hired to perform and that he was substantially within the authorized time and place. The remaining question, therefore, is whether there is any evidence from which a jury rationally may infer that Murray was motivated, at least in part, by a desire to serve the interests of TSI when he committed the negligent act that caused an injury to Guiffre. The plaintiff argues that Murray’s expressed intent to take Whitson to her home after he escaped from the police is sufficient to create a question of fact for the jury.
To hold an employer liable for the actions of an employee, a plaintiff need not show that the employee engaged in the conduct solely, or even predominantly, to serve the interests of the employer. The service of the employer’s interests must simply be a concurrent motivation for the conduct. Wang Laboratories, Inc. v. Business Incentives, Inc., 398 Mass, at 859-60. See also Restatement (Second) of Agency §236. Conversely, if an employee engages in conduct that is “wholly for a purpose of his own, disregarding the object for which he was employed and not intending by his act to execute it, . . . the [employer] should not be held answerable.” McCarthy v. Timmins, 178 Mass. 378, 380-81 (1901) (directed verdict in favor of employer upheld where carriage driver, proceeding in direction of stable, turned away from his destination for a purpose of his own, namely to visit a saloon). See also Restatement (Second) of Agency §235.
Here, when the chase began, Murray was driving Whitson to her home. He ignored the orders of a police officer and was traveling at an excessive rate of speed. Nevertheless, he was still traveling toward his assigned destination. If the accident had occurred while he was still on a direct route to Whitson’s home, a jury rationally might infer that Murray was motivated, at least in part, by a desire to complete his assigned duty despite Murray’s testimony that he fled to avoid returning to jail.
Once Murray made the U-turn and began traveling in the opposite direction, “directly away from the proper and usual route to the” Whitson home, McCarthy, 178 Mass at 380, Murray was on a frolic of his own. There is no evidence from which a jury rationally may infer that Murray was motivated during this personal mission to serve, even in part, the interests of TSI. Guiffre was hit after Murray had made the U-turn while Murray was still attempting to escape. At that moment, Murray was motivated only by a self-serving desire to avoid returning to jail.
The fact that Murray intended to take Whitson home after he had escaped from the police — just as the employee in McCarthy presumably intended to go to the stable after having a drink — sheds no light on Murray’s motivation while he still was escaping. An employee may abandon employment with an intent to resume it later. The mere fact that an employee intends to return to the authorized destination does not subject the employer to liability for actions taken “after the abandonment and before return is an accomplished fact.” Land v. Shaffer Trucking Co., Inc., 275 So.2d 671, 675 (Ala. 1973).
In sum, there is no evidence that would support an inference that, while he was attempting to evade the *231 police, Murray was motivated, even in part, by a desire to serve the interests of TSI. Therefore, the doctrine of respondeat superior is inapplicable. Because that is the only theory under which TSI allegedly is- liable to Guiffre, TSI is entitled to judgment in its favor.
ORDER
For the foregoing reasons, it is ORDERED that TSI’s motion for summary judgment is ALLOWED.

Plaintiffs sought a continuance under Rule 56(f) to obtain an affidavit from Murray that he intended to take Whitson home after he escaped from the police. In the alternative, plaintiff requested that the court decide the summary judgment motion as if the record contained such an affidavit. For purposes of this motion, the court has assumed that Murray would so testify.